UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

-----------------------------------------------------

SSJ ENTERPRISES, LLC and
STREET SEARCH, LLC,

Plaintiffs,

-v- C.A. No. 04-444ML

XRAYMEDIA, INC.,

Defendant.

-----------------------------------------------------

**DEFENDANT'S OPPOSITION TO PLAINTIFFS'**
**<u>MOTION TO QUASH OR FOR A PROTECTIVE ORDER</u>**

Defendant Xraymedia, Inc., opposes the motion filed by plaintiffs to quash subpoenae duces tecum served on certain financial institutions, or alternatively, for a protective order. In support of this Opposition, defendant submits the accompanying Memorandum. As set forth therein, the stock trading conducted by plaintiffs and their principals are directly related to the issues in this case, including but not limited to, whether plaintiffs misrepresented to defendant the nature of plaintiffs' business, and whether plaintiffs were in the business of providing marketing services. Moreover, such records are likely to lead to the discovery of admissible information, by uncovering other activities by plaintiffs inconsistent with the representations made by plaintiffs regarding the nature of plaintiffs' businesses.

Dated: September 26, 2005

Respectfully submitted,

William A. Jacobson, Esq. (#5104)
Shanna L. Pitts, Esq. (#6504)
Law Offices of William A. Jacobson, Inc.
850 Turks Head Building
Providence, RI 02903
Tel. 401-490-7500
Fax. 401-490-5680
E-mail waj@wjacobson.com

Attorneys for Defendant

**CERTIFICATION OF SERVICE**

I hereby certify that on September 26, 2005, I served a true and correct copy of the foregoing, by first class mail, postage prepaid, upon the following:

Howard E. Walker, Esq.
P.O. Box 299
Hope Valley, RI 02832

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

SSJ ENTERPRISES, LLC and
STREET SEARCH, LLC,

Plaintiffs,

-v- C.A. No. 04-444ML

XRAYMEDIA, INC.,

Defendant.

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO QUASH OR FOR A PROTECTIVE ORDER**

Defendant Xraymedia, Inc., opposes the motion filed by plaintiffs to quash *subpoenae duces tecum* served on certain financial institutions, or alternatively, for a protective order.

Defendant is an internet media company based in Vancouver, B.C. Plaintiffs, and their principals, assert that they are in the business of "investing in securities of public and private companies and in real estate," and "provide[] consulting services for corporate financings, acquisitions, marketing and other similar matters…." (Complaint, ¶¶ 6, 7)

On or about February 24, 2004, defendant and plaintiffs entered into certain agreements pursuant to which plaintiffs were to render services, among other things, in obtaining financing and other support to help build defendant's business, including "marketing." (Complaint, ¶ 8; see also attachment to Complaint; Answer, ¶ 10) In exchange for these services, plaintiffs were to be compensated through restricted stock in defendant.

Plaintiffs, however, never rendered the anticipated services, and some of the services plaintiffs did render were detrimental to defendant. Almost from the moment plaintiffs were hired, plaintiffs and their principals (Jeffrey Podesta and Stephen Jemal) sought to use their position to force defendant to provide free-trading, rather than restricted shares, and to provide other financial benefits to plaintiffs. Among other things, plaintiffs threatened to manipulate the shares of defendant (which were traded on the NASDAQ bulletin board) if defendant did not convert the restricted shares to free-trading shares. Additionally, plaintiffs interfered in defendant's customer relationships. (See Defendant's Answer, Third and Fifth Affirmative Defenses.) Upon information and belief, plaintiffs and their principals have a history of similar misconduct towards at least one other start-up company pending in this Court. SSJ Enterprises LLC v. Icoa, Inc. et al. (D.R.I. 2004 Civ. 00435T).

While plaintiffs portrayed Street Search LLC as an active marketing entity, in fact Jeffrey Podesta, its principal, testified to the contrary in a deposition taken in the case of MLS Enterprises, LLC v. Street Search Advisors LLC et al. (S.D.N.Y. Case No. 03 Civ. 2122). In that case, Podesta was sued by investors in his various hedge funds for fraud.[1] In a post-judgment collection deposition held on December 30, 2003 (just two months before Street Search entered into the contract at issue in this case), Mr. Podesta testified as follows:

> "Q. Other than the two Street Search entities and other than the property which you have described in New Jersey which is under contract with Toll Brothers, are you a shareholder or a partner in any other company?

[1] Podesta also was censured and suspended by the New York Stock Exchange in the mid-1990s for fraud, and has been sued by others alleging he used hedge fund assets for personal expenses. A&R Investment Associate LP et al. v. Street Search Advisors LLC, et al. (D.N.J. Case No. 04 Civ. 1341).

A. I just have Street Search LLC which is my original New Jersey, whatever, LLC.
Q. Is that an active business?
A. No.
Q. Has it ever been an active business?
A. Active in the sense of just my accountants doing the personal stuff.
Q. Does if have any assets?
A. No.
Q. Has it ever had any assets?
A. No.
Q. Is that the entity which you use to have payments made and that LLC made payments to you, is that a fair characterization?
A. I think so. (Exhibit A hereto)

Whether plaintiffs were bona fide marketing companies was further called into question in testimony taken in the SSJ Enterprises LLC v. Icoa, Inc. et al. (D.R.I. 2004 Civ. 00435T) matter. In that case, plaintiffs' principals testified that plaintiffs essentially were hedge funds which invested in companies, not marketing and promotional companies. The only two marketing engagements entered into by the plaintiffs in this case are the same two marketing engagements at issue in this case and the other case pending in this court. E.g., Exhibit B, Testimony of Stephen Jemal; Exhibit C, Testimony of Jeffrey Podesta.[2]

Just what plaintiffs are, who controls them, and what their businesses consist of, is an open issue in this case. The corporate distinction between plaintiffs and their principals has been further blurred by plaintiffs. Plaintiffs purport to sue upon agreements to which only their principals individually, but not plaintiffs, were parties. (See Answer, First, Second and Fourth Affirmative Defenses.) Plaintiffs and their principals operate a number of similarly named entities, including SSJ Development LLC, SSJ Enterprises, LLC, and Street Search Advisors, and Street Search Partners.

---

[2] Because of the strict court limits on the number of pages which may be attached to a memorandum, we are only able to present a few pages of testimony.

Plaintiffs and their principals also hire certain others, including but not limited to persons identified as Emil Friedman, and Tibor Hersko Co., to trade on their behalf.

The few trading records produced by plaintiffs show that shares of defendant were purchased at various times in the open market, then transferred from one trading account to another, in the names of multiple entities. We recently became aware that plaintiffs and their principals also had trading accounts at certain institutions, such as Bank America Securities and Stringfellow & Scott, for which no records have been produced. We do not know what trading was done in those accounts.

The subpoenas to certain financial institutions at issue on this motion go to the heart of the issues in the case. First, the subpoenas seek trading records of plaintiffs, their principals, and persons/entities which traded for their benefit, in shares of defendant. Plaintiffs do not dispute that these records are relevant.

Second, the trading records go to the issue of just what plaintiffs are, and whether plaintiffs' representations that they were active entities which provided marketing services, were bona fide. While the February and March 2004 agreements were based upon plaintiffs' representations that they would provide a wide range of marketing, promotional, and other services, we believe that the evidence (some of which is quoted above) will show that plaintiffs misrepresented both their intentions and the nature of their companies.

The full scope of trading activity by plaintiffs, their principals and proxies, will be directly relevant to show that the business of plaintiffs was investing, not marketing and promotion. What plaintiffs were doing in their trading accounts, when they should have been marketing for defendant, will be relevant. The trading records will

show that plaintiffs were not who they said they were, and had no marketing or promotional capabilities, supporting defenses for fraud in the inducement and breach of contract.

Moreover, these records are likely to lead to the discovery of admissible evidence, by disclosing other persons and entities through which plaintiffs did business. Unraveling the confused web spun by plaintiffs as to the nature of their businesses, will require tracking plaintiffs' various movement of assets and trading. The financial records likely will reveal other entities and persons through whom plaintiffs and their principals traded.

**Conclusion**

Because the records subject to the subpoenae are directly relevant to the issues in this case, and at a minimum are likely to lead to the discovery of admissible evidence, the motion should be denied.

Dated: September 26, 2005

Respectfully submitted,

William A. Jacobson, Esq. (#5104)
Shanna L. Pitts, Esq. (#6504)
Law Offices of William A. Jacobson, Inc.
850 Turks Head Building
Providence, RI 02903
Tel. 401-490-7500
Fax. 401-490-5680
E-mail waj@wjacobson.com

Attorneys for Defendant

**CERTIFICATION OF SERVICE**

I hereby certify that on September 26, 2005, I served a true and correct copy of the foregoing, by first class mail, postage prepaid, upon the following:

Howard E. Walker, Esq.
P.O. Box 299
Hope Valley, RI 02832

Kathleen Dias