UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SSJ ENTERPRISES, LLC et al. | : | |
| v. | : | C.A. No. 04-444ML |
| XRAYMEDIA, INC. | : | |

**MEMORANDUM AND ORDER**

Before the Court for determination is Plaintiffs' Motion to Quash or for a Protective Order (Document No. 11). 28 U.S.C. § 636(b)(1)(A); Local R. 32(b). A hearing was held on October 3, 2005. For the reasons discussed below, Plaintiffs' Motion is DENIED.

**Standard**

Under Fed. R. Civ. P. 26(c), the Court may, for "good cause shown" by the moving party, "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." This includes an order, as requested by Defendant in this case, "that certain items not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters." See Fed. R. Civ. P. 26(c)(4). A party moving for a protective order under Fed. R. Civ. P. 26(c) must set forth "particular" facts to establish "good cause" for the order. Anderson v. Cryovac, Inc., 805 F.2d 1, 7-8 (1st Cir. 1986).

**Discussion**

Plaintiffs' Motion relates to document subpoenas served on three stock brokerage firms. The subpoenas seek documents regarding the stock trading activity of Plaintiffs' principals, Mr. Podesta and Mr. Jemal, as well as others who purportedly traded on their behalf. At the hearing, Plaintiffs'

counsel argued that the information sought was beyond the current scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). While Plaintiffs' counsel conceded that the information may have been discoverable prior to the limitation of discovery imposed by the 2000 amendments, he argued that Defendant cannot show how the information it seeks has any relevance to any claim or defense in this matter. This Court disagrees and finds that Defendant has made a sufficient showing to meet the Rule 26(b)(1) discovery threshold.

In defense of Plaintiffs' Breach of Contract and Fraud allegations, Defendant asserts that Plaintiffs never rendered the services they contracted to provide to Defendant. Defendant also alleges that the parties' February 24, 2004 agreement was induced by fraud and thus is void. See Def.'s Answer, Third Affirmative Defense. In particular, Defendant claims that Plaintiffs did not have the marketing or promotional capabilities they represented to have and that the information sought may reveal that Plaintiffs were in the business of investing and not marketing and promotion.

Defendant has made a sufficient showing to overcome Plaintiffs' general relevancy objections. While this Court offers no opinion as to whether or not any evidence obtained may be admissible in this matter, Plaintiffs have not met their burden of establishing "good cause" under Rule 26(c) to prohibit the discovery in dispute.

LINCOLN D. ALMOND
United States Magistrate Judge
October 3, 2005