FILED
MAY 10 06
U.S. DISTRICT COURT
DISTRICT OF R.I.

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

SSJ ENTERPRISES, LLC and
STREET SEARCH, LLC, Plaintiffs :

C.A. No. 2004-444ML

vs. :

XRAYMEDIA, INC., :
Defendant

**CONSENT MOTION TO SETTLE LITIGATION AND TO ISSUE SECURITIES PURSUANT TO SECTION 3(a)(10) OF THE SECURITIES ACT OF 1933**

Plaintiffs move for an Order settling this case and approving the issuance of securities pursuant to Section 3(a)(10) of the Securities Act of 1933, as amended (the "Act"). This motion is based on the entire record on file herein, together with the following points and authorities.

**THE FACTS**

Plaintiffs filed their Complaint herein on October 14, 2004, seeking specific performance and other relief, as well as damages. Among other things, plaintiffs alleged that they had a contract with defendant, under which they would perform services for defendant in exchange for 125 million shares of common stock in the defendant, and that defendant had wrongfully converted certificates for 19.8 million common shares of defendant previously issued to plaintiffs. Defendants have vigorously denied these allegations.

All parties have been negotiating in good faith to settle this case, and have reached a proposed stipulated settlement based on the issuance to Plaintiffs of common

shares of XRAYMEDIA, Inc. The proposed stipulated settlement requires a fairness hearing before this Court.

Plaintiffs now file this motion and request a hearing before the Court to determine, as a matter of fact and law, that the proposed settlement set forth herein is fair, just, reasonable and adequate. *See*, e.g., The Score Board, Inc., 1995 WL 655412 (S.E.C.) (November 3, 1995).

## POINTS AND AUTHORITIES

Defendant proposes to settle all claims raised in the Complaint filed herein by issuing 35 million common shares of XRAYMEDIA, Inc. to Plaintiffs pursuant to Section 3(a)(10) of the Act, which provides an exemption from registration under the Act for " any security which is issued in exchange for one or more bona fide ... claims...where the terms and conditions of such issuance and exchange are approved, after a hearing upon the fairness of such terms and conditions which all persons to whom it is proposed to issue securities in such exchange shall have the right to appear, by any court ... of the United States."

The S.E.C. has established the following four (4) requirements that must be met for the 3(a)(10) exemption to be available to a registrant, such as XRAYMEDIA, seeking to settle litigation through the issuance of securities:

(1) the Court must hold a hearing on the fairness of the terms and conditions of the issuance of all such securities;

(2) the persons to whom the securities are to be issued must receive notice of the hearing and of the right to be heard;

(3) the Court must be advised prior to the hearing that, if the terms and conditions of the settlement are approved, registration of the securities will not be required under the Act by virtue of the Court's approval; and

(4) the Court must approve the fairness of the terms and conditions of the settlement.

*See*, e.g., The Score Board, Inc., 1995 WL 655412 (S.E.C.) (November 3, 1995).

Plaintiffs have brought this motion and served a copy on defendant and its counsel, who consent to the motion. Obviously, therefore, the recipients of the stock and all other interested parties have notice of this motion and of any hearing thereon. By this motion and consent, the parties are advising this Court that its approval of the settlement would render the shares to be issued to plaintiffs freely trading, without registration.

Beyond question, the proposed settlement is fair to all parties. This is not a case where stock is being issued to satisfy a demand or judgment for money, so there is no issue concerning the fairness of the exchange. Plaintiffs have always sought, as relief, the return of the 19.8 million XRAYMEDIA restricted shares they had previously tendered for exchange for freely trading shares and the issuance of more shares in consideration for services performed. The proposed settlement simply represents a compromise between the parties as to the number of shares to be issued. The parties themselves deem the settlement to be fair, and the Court should have no difficulty finding it to be so.

Based on the forgoing, Plaintiffs request that the Court schedule a hearing on this motion and enter an order approving the proposed settlement and directing that the subject securities be issued as freely trading shares pursuant to Section 3(a)(10) of the Act. A copy of the proposed order is attached hereto.

SSJ Enterprises LLC and
Street Search LLC,
By their attorney,

Howard E. Walker (#1085)
P.O. Box 299
Hope Valley, Rhode Island 02832
Tel. (401) 539-6767
Fax. (401) 539-0066
E-mail: hewlaw@hughes.net

Dated: May 9, 2006

**CONSENT**

Defendant hereby consents to the above motion.

By its Attorneys,

William A. Jacobson / SLP

William A. Jacobson (#5104)
Shanna L. Pitts (#6504)
Law Offices of William A. Jacobson, Inc.
850 Turks Head Building
Providence RI 02903

Dated May 10, 2006